**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yvonne Atiba-Davies,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Corrections Corporation of America, a foreign corporation,<br><br>　　　　Defendant. | No. CV-10-01683-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss. (Doc. 7.) As explained below, the Court will grant the motion and dismiss all claims for insufficient service of process. Normally such a dismissal would be without prejudice. In this case, however, the Court will dismiss all but one claim with prejudice for failure to timely file a charge of discrimination with the appropriate agencies.

**I.     Facts (Presumed to Be True for this Motion)**

Plaintiff Yvonne Atiba-Davies is an Arizona resident. Defendant Corrections Corporation of America ("CCA") is apparently a Tennessee corporation that operates private correctional facilities in Arizona. CCA has a statutory agent in Phoenix for service of process.

CCA hired Atiba-Davies in October 2008 to work as an educational instructor for inmates at CCA's Red Rock Correctional Center. Atiba-Davies, who is a black woman with

1  a doctorate degree and prior teaching experience, had actually applied to be the principal of
2  the school at Red Rock, but that job went to a younger, less-qualified white man.

3  Throughout her time at Red Rock, Atiba-Davies experienced less favorable treatment
4  than her non-black coworkers, about which she complained internally to a human resources
5  manager in March 2009. At the same time, she also complained about the earlier incident
6  of being passed over for the principal job. In April 2009, she complained internally of
7  additional racial harassment, as well as sexual harassment.

8  On May 1, 2009, Atiba-Davies learned that a Hispanic male coworker had submitted
9  a complaint accusing Atiba-Davies of sexual harassment. On May 6, 2009, CCA fired Atiba-
10 Davies. Atiba-Davies believes that she was falsely accused of sexual harassment and fired
11 in retaliation for her internal discrimination complaints.

12 On November 27, 2009, Atiba-Davies filed a charge of discrimination with the EEOC.
13 Atiba-Davies's charge of discrimination claims two discriminatory events — not being hired
14 as the principal in October 2008, and then being fired in retaliation for her complaints on
15 May 6, 2009. The EEOC closed its file and issued a right-to-sue letter on May 12, 2010.
16 Atiba-Davies sued CCA on August 10, 2010 for violations of the Arizona Civil Rights Act
17 (ACRA), Title VII, and the Age Discrimination in Employment Act.

18 **II.   Analysis**

19 **A.   Service of Process**

20 CCA claims that Atiba-Davies's complaint must be dismissed for insufficient service
21 of process. Fed. R. Civ. P. 12(b)(5). Atiba-Davies purported to serve process on CCA by
22 mailing the summons and complaint to CCA's registered agent in Phoenix. Atiba-Davies
23 argues that this was proper because the Federal Rules of Civil Procedure allow service upon
24 a corporation through any procedure authorized by state law for serving individuals, *see* Fed.
25 R. Civ. P. 4(e)(1), 4(h)(1)(A), and Arizona state law supposedly permits service via mail to
26 the registered agent. Atiba-Davies specifically points to Ariz. R. Civ. P. 4.2(c), which reads
27 (in relevant part):

28

> When the whereabouts of a party outside the state is known, service may be made by depositing the summons and a copy of the pleadings being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt.

Atiba-Davies argues that this rule applies because (1) CCA is a foreign corporation, and therefore a party outside the state, (2) CCA's whereabouts are known, and therefore (3) she may serve CCA, via its local agent, through registered mail.

Atiba-Davies misinterprets this rule. It applies to service outside of the state, not to service of in-state agents of parties outside the state. As it stands, simply mailing the summons and complaint to a local agent does not satisfy any authorized form of service under state or federal law. The Court will therefore dismiss the complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5).

### B. Failure to Timely File with the EEOC and Arizona Civil Rights Division

CCA argues that this Court should dismiss Atiba-Davies's claims with prejudice because her complaint shows that she failed to timely file her discrimination grievances with the EEOC and the Civil Rights Division of the Arizona Attorney General's Office. As explained below, CCA is correct as to all but one claim.

#### 1. Federal Claims (Title VII and ADEA)

Generally, one who believes she has been discriminated against in employment in violation of federal law must file a charge of discrimination "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). However, this time period extends to 300 days if "the person aggrieved has initially instituted proceedings with a State . . . with authority to grant or seek relief from such practice." *Id.* ACRA makes Arizona such a state. Therefore, if Atiba-Davies "initially instituted" proceedings by filing with the Civil Rights Division, then she gets the benefit of a 300-day period in which to file with the EEOC.

1    In this case, Atiba-Davies only filed one charge of discrimination form, and that with
2 the EEOC. On its face, then, it would seem that she did not "initially institute[] proceedings
3 with [the] State." However, the EEOC in Arizona and the Arizona Civil Rights Division
4 have a "referral" relationship, through which the EEOC accepts charges of discrimination
5 and automatically forwards them to the Civil Rights Division. The Supreme Court has held
6 that this arrangement qualifies as "initially institut[ing] proceedings with [the] State." *See*
7 *EEOC v. Commercial Office Prod. Co.*, 486 U.S. 107, 111 (1988) ("The EEOC's referral of
8 a charge initially filed with the EEOC to the appropriate state or local agency properly
9 institutes the [state] agency's proceedings within the meaning of [Title VII]." (alterations in
10 original)). Therefore, Atiba-Davies appears to receive the benefit of the 300-day time period
11 for filing grievances with the EEOC.

12    Under the 300-day standard, and with a filing date of November 27, 2009, Atiba-
13 Davies can assert any claim based on an unlawful employment practice which occurred on
14 or after January 31, 2009. Therefore, Atiba-Davies's federal claims based on being passed
15 over for the principal position in October 2008 are time-barred and dismissed with prejudice.
16 Her retaliation claim, however, was timely because the alleged unlawful employment
17 practice occurred on May 6, 2009. Her federal retaliation claim is therefore dismissed
18 without prejudice.

19                    **2.    State-law Claims (ACRA)**

20    Concerning Atiba-Davies's ACRA claims, Arizona law requires her to file a charge
21 of discrimination with the Civil Rights Division "within one hundred eighty days after the
22 alleged unlawful employment practice occurred," A.R.S. § 41-1481(A), similar to federal law
23 except that there is no extension to 300 days under the state-federal sharing relationship. The
24 first unlawful employment practice of which Atiba-Davies complains is being passed over
25 for the principal position in October 2008. Therefore, she needed to file with the Civil Rights
26 Division sometime in April 2009. She did not file until November 2009. Therefore, Atiba-
27 Davies's ACRA claim based on being passed over for the principal position is time-barred
28 and is dismissed with prejudice.

- 4 -

The second unlawful employment practice of which Atiba-Davies complains is being fired in retaliation for her complaints of racial discrimination, age discrimination, sexual harassment. This happened on May 6, 2009. She therefore needed to file with the Civil Rights Division by November 17, 2009. She did not file until November 27, 2009. Therefore, Atiba-Davies's ACRA claim based on retaliation is time-barred and is dismissed with prejudice.

IT IS THEREFORE ORDERED that CCA's Motion to Dismiss (Doc. 7) is GRANTED as follows: (1) Atiba-Davies's ACRA claims are dismissed with prejudice; (2) Atiba-Davies's federal discrimination claims based on being passed over for the principal position in October 2008 are dismissed with prejudice; and (3) Atiba-Davies's federal discrimination claims based on retaliation in or around May 2009 are dismissed without prejudice for insufficient service of process.

IT IS FURTHER ORDERED that, if Atiba-Davies wishes to continue with this suit, she must file an amended complaint on or before February 18, 2011, and proof of service thereof on or before March 4, 2011. Failure to do so may result in termination of this case without further notice.

DATED this 1st day of February, 2011.

_____
Neil V. Wake
United States District Judge